## OHIO SUPREME COURT—Continued

17883—State of Ohio v. John Brozich. Error to the Court of Appeals of Cuyahoga copnty.

WANAMAKER, J.

**129. CRIMINAL LAW AND PRACTICE.**

Variance—Definition of—Common Law rule radically changed, by statute, in Ohio—No acquittal unless court finds it material to merits of case or prejudicial to defendant—Larceny and burglary charged in same count; property taken misnamed in indictment, not fatal when cured by evidence given.

1. Variance in criminal trials is generally a conflict of disagreement between the pleading, to-wit, the indictment, information or affidavit, and the proof, in a matter essential to the charge.

2. Under the common law any such variance was fatal to conviction; but in most of the states, particularly in Ohio, this common law rule has been radically changed by statute.

3. Where the variance is complained of as fatal because of a difference "in the name or description of a matter or thing" set forth in the indictment, Section 13582 requires that before such variance can be ground for an acquittal of the defendant the court must find "that such variance is material to the merits of the case or may be prejudicial to the defendant."

4. An indictment charging larceny of nine "rungs" of the value of $360, in connection with and in the same count with a charge of burglary, is neither fatal to the charge of burglary nor larceny, where the evidence shows unquestionably that the personal property stolen was not nine "rungs" but nine "rugs" of the value of $360.

Judgment of the Court of Appeals reversed, and judgment of the Court of Common Pleas affirmed.

Marshall, C. J., Jones, Matthias, Day and Allen, JJ., concur.

## SUPREME COURT PROCEEDINGS

### Tuesday, November 13, 1923

### GENERAL DOCKET

17782—Grant De Witt et al v. State, ex rel John G. Price, Atty. Genl.; error to the Court of Appeals of Fayette county. Judgment affirmed. Marshall, C. J., Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.

17927—Lester C. Underwood v. Cledia Underwood Mook; error to the Court of Appeals of Logan county. Dismissed for the reason no debatable constitutional question involved.

18043—William Abt v. State of Ohio; error to th Court of Appeals of Hamilton county. Dismisse on motion of defendant in error on ground that n debatable constitutional question is involved.

18065—City of Warren v. C. L. Wood et al; err to the Court of Appeals of Trumbull county. Pet tion in error dismissed, no constitutional questic being involved.

### MOTION DOCKET

18042—Susan W. Coleman v. Maude Renesch. M tion for an order directing the Court of Appeals Hamilton County to certify its record. Overruled.

18044—Sarah G. James v. The Cincinnati Tracti Co. Motion for an order directing the Court Appeals of Hamilton county to certify its Sustained.

18058—Michael Piascik v. The Industrial Comm sion of Ohio. Motion for an order directing t Court of Appeals of Cuyahoga county to certify record. Sustained.

18063—Helen F. Bennett v. William A. Flemi Motion for an order directing the Court of Appe of Pickaway county to certify its record. Overrul

18068—Benjamin F. Manley et al v. Samuel Gregg et al. Motion for an order directing the Co of Appeals of Franklin county to certify its reco Overruled.

18069—Robert E. Davis, Admr., et al v. Maud Michael. Motion for an order directing the Co of Appeals of Allen county to certify its reco Sustained.

18070—May Harris v. City of Cleveland. for an order directing the Court of Appeals of hoga county to certify its record. Overruled.

18071—The Elias & Loewenstein Co. v. Comm Sence Novelty Co. Motion for an order direct the Court of Appeals of Hamilton county to cer its record. Overruled.

18073—U. S. Fidelity & Guarantee Co. v. Hammond Heating Co. Motion for an order dir ing the Court of Appeals of Brown county to cer its record. Overruled.

18074—Maud Neckel v. Alice Fox. Motion for order directing the Court of Appeals of Hamil county to certify its record. Sustained.

18075—Frederick Kubach et al v. Max Price. tion for an order directing the Court of Appeal Cuyahoga county to certify its record. Overru

18081—George W. Sheilds and Mary Sheild David W. Shields. Motion for an order directing Court of Appeals of Belmont county to certify record. Overruled.